UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-02502-FWS-JDE Date: October 27, 2026

Title: Ahmad Allan Shoraka v. Costco Insurance Agency, Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**PROCEEDINGS: ORDER DENYING PLAINTIFF'S MOTION TO REMAND [12] AND GRANTING DEFENDANT COSTCO'S MOTION TO DISMISS [4][9]**

In this case, Plaintiff Ahmad Allan Shoraka alleges that Connect Insurance ("Connect") and Costco Insurance Agency ("Costco") (together, "Defendants") failed to adequately pay his insurance claim resulting from a car crash. (*See generally* Dkt. 1-1 ("Complaint" or "Compl.").) Plaintiff brought suit in state court and did not specify a fixed number of damages in his prayer for relief. (*See id.* at 15.) Defendants removed the case asserting diversity jurisdiction. (Dkt. 1 (Notice of Removal) at 3–4.) Connect filed an Answer. (Dkt. 3.)

Before the court are two motions. The first is Plaintiff's Motion to Remand. (Dkt. 12 ("Motion to Remand" or "MTR").) Costco opposes the Motion to Remand. (Dkt. 16 ("Remand Opposition" or "R. Opp.").) Plaintiff filed a reply in support of the Motion to Remand. (Dkt. 21 ("R. Reply").) The second is Costco's Motion to Dismiss Plaintiff's claims as to them. (Dkts. 4, 9 ("Motion to Dismiss" or "MTD").) Plaintiff opposes the Motion to Dismiss. (Dkt. 14 ("Dismissal Opposition" or "D. Opp.").) Costco filed a reply in support of the Motion to Dismiss. (Dkt. 20 ("D. Reply").) The court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the **hearing** set for **November 5, 2026**, is **VACATED**

and **OFF CALENDAR**. Based on the state of the record, as applied to the applicable law, the court **DENIES** the Motion to Remand and **GRANTS** the Motion to Dismiss.

## I. Background

On February 28, 2025, Plaintiff was driving a Tesla when he was hit by another driver. (Compl. ¶ 15.) After negotiating with the other driver, "Plaintiff contacted his own insurance company Connect insurance" and forwarded Connect estimates for the damage to his vehicle. (*Id.* ¶ 16.) Connect "assigned [the] claim [to] a claim adjustor." (*Id.* ¶ 17.) However, the claim adjustor determined that Plaintiff's damages were less than "either of [the] two estimates that Plaintiff supplied." (*Id.*) Further, Plaintiff alleges that Connect has yet to pay for the property damage or the personal injury Plaintiff suffered. (*See id.* ¶¶ 20, 22.)

Plaintiff filed this suit against Defendants on July 22, 2026, in the Superior Court of Orange County, California. *Ahmad Allan Sharoka v. Connect Insurance, et al.*, No. 30-2026-01584885-CU-BC-NJC. (Notice of Removal at 2.) On September 1, 2026, Defendants removed the case to this court. (*Id.* at 4.) Defendants argue that Plaintiff has alleged $140,000 in damages in the form of medical expenses. (*Id.*) The basis for Defendants' contention is a paragraph in Plaintiff's complaint wherein he alleges that he has "incurred bodily injury that the doctor and hospital estimate for that surgery will be around $140,000." (Compl. ¶ 22.) Plaintiff does not specify in his Complaint whether he has undergone this surgery. (*See generally* Compl.) It appears that Plaintiff alleges that he is undecided as to whether to undergo this surgery. (*See id.* ¶ 22 ("Plaintiff Allen Shoraka has not decided surgery to his sever[e] complications, but suffering due to that injury.").) Plaintiff further alleges that the damage to his vehicle was valued between $21,000 and $21,500, that "the claim adjuster deducted $6,000 for rear damage for [an] unknown reason," and that Defendants "arbitrarily sent [Plaintiff] a check for the amount of about $11,000" which "Plaintiff has not received." (*Id.* ¶¶ 16–18.) No other specific monetary values of damages are alleged in the Complaint. (*See generally* Compl.)

Costco moved to dismiss the case against them. (*See generally* MTD) While the Motion to Dismiss was still pending, on September 29, 2026, Plaintiff moved to remand the case. (*See generally* MTR) In his Motion to Remand, Plaintiff alleges that "[t]he types amount of damages of $140,000[] was a typo" and that "[t]he correct [amount] of damages was to be "40,000.00." (MTR at 2.) Plaintiff also attaches a Stipulation wherein he stipulates "the total amount in controversy in this action . . . does not exceed, and will not exceed, the sum of $74,999.00, exclusive of interest and costs." (Dkt. 12 ("Stipulation") ¶ 5.) The court, in its discretion and in the interests of justice and efficiency, ordered that the motions be considered together. (*See* Dkt. 13.)

## II. Plaintiff's Motion to Remand

### A. Legal Standard

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).

Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff

must be diverse from each defendant."). Federal courts have diversity jurisdiction where there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The amount in controversy is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In measuring the amount in controversy, courts assume the allegations in the complaint are true and that the jury will return a verdict in favor of the plaintiff on all claims. *See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (directing courts to first look to the complaint in determining the amount in controversy). A removing defendant has the burden to "prove that the amount in controversy . . . exceeds the jurisdictional threshold by a preponderance of the evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).

When a defendant initially removes a case, it must submit only a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). And when the basis for removal is diversity jurisdiction, the amount in controversy allegation in the removal notice "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). However, if the plaintiff contests, or the court questions, the defendant's allegations, evidence establishing the amount is required. *See id.*; 28 U.S.C. § 1446(c)(2)(B). The Ninth Circuit recently explained that following such a challenge, the defendant must make its showing with "summary-judgment-type evidence." *Fritsch*, 899 F.3d at 794.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

**B. Discussion**

Plaintiff argues that this case should be remanded to state court because the Stipulation ensures that the amount in controversy is below the statutory threshold for diversity jurisdiction. The court disagrees.

"[I]f a plaintiff *after* removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, it will not deprive the district court of jurisdiction." *Gillette v. Peerless Ins. Co.*, 2013 WL 3983872, at *2 (C.D. Cal. Jul. 31, 2013) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)) (cleaned up) (emphasis added). A court will only consider a stipulation that clarifies the amount in controversy after removal in two situations: "(1) [where] state pleading rules leave plaintiffs with no other option but to specify an ambiguous amount in controversy in the complaint, or (2) where the stipulation indicates that the amount in controversy at the time of removal fell below the jurisdiction limit." *Id.* at *4 (citing cases). Plaintiff stipulated to an amount in controversy of less than $75,000 only *after* removal. (MTR at 1; *see generally* Dkt.) Further, the court is unaware of any pleading rules that would prevent Plaintiff from specifying a specific amount in controversy—nor does Plaintiff allege that he was unable to do so. (*See generally* MTR) Therefore, to the extent Plaintiff's Stipulation *is* relevant, it is only relevant insofar as it points out ambiguity on the face of Plaintiff's Complaint as to the amount in controversy.

The court is concerned that the Complaint is at least ambiguous as to the amount in controversy. The Complaint contains only two references to a specific monetary value of harm: (1) estimates from a "tesla certified Body shop[] that ranged between $21,000-$21,500," and (2) "bodily injury that the doctor and hospital estimate for that surgery will be around $140,000." (Compl. ¶¶ 16, 22.) As to the second figure, Plaintiff goes on to say that he "has not decided surgery," which calls into question whether the $140,000 figure will actually be incurred, because surgery has not yet taken place, nor has Plaintiff decided whether to pursue surgery. (*Id.* ¶ 22.) Thus, the question of whether Plaintiff has actually experienced $140,000 in medical

harm is unresolved. If the $140,000 figure is indeed inaccurate, then the court would be deprived of jurisdiction. *See* 28 U.S.C. § 1332(a). To the extent that Plaintiff's Complaint is ambiguous, the Stipulation can offer clarity about the amount in controversy at the time of removal.

But even if the complaint is ambiguous, that does not end the inquiry. "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the "removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)) (cleaned up). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez*, 102 F.3d, at 404.

If the Complaint is ambiguous as to the amount in controversy, the court finds that Defendants have satisfied their burden to show by a preponderance of the evidence that the amount in controversy is over $75,000. Costco has provided a copy of an email correspondence between Plaintiff and Defense Counsel, wherein Plaintiff represents that he has experienced "[p]roperty damage" of "about 21500.00" *as well as* "personal injur[y] of "about $71500.00," for a total of $93,000, well over the amount in controversy threshold. (Dkt. 50 ("Sauber Decl.") Ex. C at 1); *see also* 28 U.S.C. § 1332(a). Given these previous statements from Plaintiff, the court is skeptical that the figures in the Complaint are "purely a clerical, typographical error," as Plaintiff represents. (MTR at 3.) *Gillette v. Peerless Ins. Co.* is instructive. There, the plaintiff filed a declaration offering to "limit[] her recovery to $74,999.00" in exchange for remand. *Gillette*, 2013 WL 3983872, at *1. The court denied the motion to remand, noting that "Plaintiff does not explain how she determined the amount in controversy to be less than $75,000.00, nor does she allege any facts that show federal jurisdiction never attached to this case." *Id.* at *4. Here, the only fact that Plaintiff offers as to how he determined the amount in controversy to be less than $75,000 is that the $140,000 figure was a typo, and that the correct figure is actually $40,000. (MTR at 3–4.) However, Plaintiff has previously represented to Defendants that he has incurred bodily injury in the amount of a much higher amount: $71,500.

(Sauber Decl. Ex. C at 1.) The shifting figures cast doubt on the veracity of Plaintiff's Stipulation. Thus, because Plaintiff has previously represented to Defendants and to the court that the amount in controversy is over $75,000, the court finds that Defendants have met their burden of proof, and that it is "more likely than not" that the amount in controversy exceeds $75,000. *Sanchez*, 102 F.3d, at 404. The court declines to remand this case.

## III. Costco's Motion to Dismiss

### A. Legal Standard

A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019) ("We have emphasized that pro se pleadings, such as the FAC in this case, are to be liberally construed on a motion to dismiss.").

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) moves to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level." *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

cognizable legal theory.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216). But, on the other, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Eclectic Props. E.*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

**B. Discussion**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-02502-FWS-JDE Date: October 27, 2026

Title: Ahmad Allan Shoraka v. Costco Insurance Agency, Inc. *et al.*

Costco asks the court to dismiss all seven of Plaintiff's causes of action against them, which are (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) declaratory relief, (4) violations of California's Unfair Competition Law ("UCL"), (5) bad faith delay and denial of an insurance claim, (6) unjust enrichment, and (7) injunctive relief under the UCL. The court addresses each cause of action in turn.

**1. Count One: Breach of Contract**

Plaintiff's first cause of action alleges that Costco and Connect breached his insurance policy by failing to pay out a valid claim. (*See* Compl. ¶¶ 26–32.) Costco argues that Plaintiff has failed to allege a contractual relationship between him and Costco, and that he has only alleged a contractual relationship between him and Connect. (MTD at 5–6.)

The court finds that Costco is correct. The first element of a claim for breach of contract is the existence of a contract. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). Plaintiff does not allege that he purchased insurance from Costco. (*See generally* Compl.) Rather, the basis for Costco's alleged liability is "[its] sponsoring and marketing" of Connect Insurance to Costco members. (Compl. ¶¶ 11, 25.) On its own, sponsoring and marketing an insurance policy, even where Plaintiff purchased the insurance as a result of that marketing, is insufficient to establish a contractual relationship between Plaintiff and Costco. *See Germain v. J.C. Penny Co.*, 2009 WL 1971336, at *8 (C.D. Cal. Jul. 9, 2009) (dismissing a claim based in contract where the theory of a contractual relationship was based on the purchase of merchandise in response to marketing by the defendant). Costco is not a party to Plaintiff's insurance policy and is therefore not in a contractual relationship with Plaintiff. Accordingly, the court **GRANTS** Costco's motion to dismiss the first cause of action.

**2. Count Two: Breach of Implied Covenant of Good Faith and Fair Dealing**

Plaintiff's second cause of action alleges breach of the implied covenant of good faith and fair dealing. The implied covenant is a part of a contract—if no contract exists, then there is no implied covenant. *See Smith v. City & Cnty. of San Francisco*, 225 Cal. App. 3d 38, 48-49

(Ct. App. 1990) ("The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract."); *see also Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 684 (1988); *Germain*, 2009 WL 1971336, at *8. Because the court has found that Plaintiff has not adequately alleged the existence of a contract, Plaintiff has not stated a claim for breach of the implied covenant of good faith and fair dealing against Costco. Accordingly, the court **GRANTS** Costco's motion to dismiss the second cause of action.

**3. Count Three: Declaratory Relief**

Plaintiff's third cause of action asks for declaratory relief wherein the court will declare the "rights, status, and other legal relations," which the court takes to mean the contractual obligations, or lack thereof, between the parties. (*See* Compl. ¶¶ 44–45.) "[T]he lack of an enforceable contractual right precludes declaratory relief where such a cause of action is predicated on recognized contractual rights." *IDS Inc. v. AMResorts, LP*, 2024 WL 4228238, at *18 (C.D. Cal. July 9, 2024) (citing cases). "[T]he Declaratory Judgment Act does not provide an affirmative cause of action where none otherwise exists." *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878–79 (9th Cir. 2022). As stated above, Plaintiff does not adequately state a claim for breach of contract. Therefore, declaratory relief is inappropriate. Accordingly, the court **GRANTS** Costco's motion to dismiss the third cause of action.

**4. Count Four: UCL Violations**

Plaintiff also alleges violations of the UCL. (Compl. ¶¶ 46–55.) The UCL "prohibit[s] unlawful, unfair, or fraudulent business practices." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016); *see also Wilson v. FritoLay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1144 (N.D. Cal. 2013). "To state a cognizable claim under [the UCL], a plaintiff must allege that a defendant's representations 'are likely to deceive a reasonable consumer.'" *James v. Chocmod USA Inc.*, 773 F. Supp. 3d 945, 955 (E.D. Cal. 2025). "When, as here, the challenged conduct under the UCL and FAL involves 'misrepresentation and deception,' a plaintiff must also plead actual reliance." *Levay v. AARP, Inc.*, 2018 WL 5794456, at *5 (C.D. Cal. Nov. 2, 2018) (quoting *Durell v. Sharp Heathcare*, 183 Cal. App. 4th 1350, 1363 (2010)). "Because whether a practice

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-02502-FWS-JDE Date: October 27, 2026

Title: Ahmad Allan Shoraka v. Costco Insurance Agency, Inc. *et al.*

is deceptive or misleading is generally a question of fact, the 'reasonable consumer' test is satisfied at the pleading stage if a plaintiff plausibly alleges 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Id.* (quoting *Ebner*, 838 F.3d at 965).

Here, Plaintiff's theory of liability against Costco under the UCL is premised on the "misrepresent[ation] to Plaintiff [of] pertinent facts or insurance policy provisions relating to any coverages at issue." (Compl ¶ 49(a).) Plaintiff argues that Connect's alleged failure to properly pay out his claim means that Costco deceptively advertised the efficacy of Connect's insurance coverage. (*See id.*) In response, Costco points out that "Plaintiff alleges no facts showing that Costco participated in or exercised any control over the business practices underlying his UCL Claim." (MTD at 8.)

The court is persuaded by Costco's argument and the record. As a starting point, "a reasonable consumer would not be misled by [Costco's] representations because 'the reasonable consumer would not think the term 'insurance' means that the policy will always cover diminished value, because consumers know that insurance policies are customizable and contain all types of exclusions.'" *Uyanik v. Wawanesa Gen. Ins. Co.*, 2022 WL 16625828, at *4 (N.D. Cal. Sep. 26, 2022) (quoting *Tufano v. State Farm Mut. Auto. Ins. Co.*, 854 Fed. App'x 134, 136 (9th Cir. 2021)). A lower-than-expected insurance payout would thus be contemplated by a reasonable consumer; therefore, Plaintiff's claim is not sufficiently alleged.

Further, to the extent that Plaintiff is alleging "fraudulent business practices" by Costco, Rule 9(b)'s heightened pleading standards apply. (*See* Compl. ¶ 55.) Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity," though "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004). Here, Plaintiff fails to allege with any particularity the content or circumstances surrounding Costco's alleged misleading advertising. (*See generally* Compl.) Thus, Plaintiff has not satisfied Rule 9(b).

Accordingly, the court **GRANTS** Costco's motion to dismiss the fourth cause of action.

### 5. Count Five: Bad Faith Delay and Denial of an Insurance Claim

Plaintiff alleges that "Defendants have in bad faith failed or refused to perform their obligations under the Policy and under the laws of California because Defendants have put their own interests above those of Plaintiff." (Compl. ¶ 57.) Costco argues this claim fails against them because it "depend[s] on a contractual relationship with Costco that Plaintiff has not alleged." (MTD at 6.) The court agrees with Costco's argument. "*In each policy of liability insurance*, California law implies a covenant of good faith and fair dealing." *Graciano v. Mercury Gen. Corp.*, 231 Cal. App. 4th 414, 425 (2014) (quoting *PPG Indus., Inc. v. Transamerica Ins. Co.*, 20 Cal. 4th 310, 312 (1999)). "Where no [contractual] relationship exists, no recovery for 'bad faith' may be had." *Austero v. Nat'l Cas. Co.*, 62 Cal. App. 3d 511, 517 (1976). As analyzed above, Costco is not a party to Plaintiff's insurance policy. Accordingly, the court **GRANTS** Costco's motion to dismiss the fifth cause of action.

### 6. Count Six: Unjust Enrichment

Plaintiff alleges that Costco was "unjustly enriched at the expense of and to the detriment of Plaintiff" based on the lower-than-expected insurance payout. (Compl. ¶¶ 67–68.) "The elements of an unjust enrichment claim are the receipt of a benefit and the unjust retention of the benefit at the expense of another." *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008) (quoting *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000)). Here, as Costco demonstrates, "Plaintiff does not allege that Costco received or unjustly retained any benefit at Plaintiff's expense." (MTD at 9.) Rather, Plaintiff alleges misleading advertising by Costco that caused Plaintiff to enter into an insurance policy with Connect. (*See generally* Compl.) Therefore, Plaintiff's allegations are consistent with the conclusion that all payments by Plaintiff at issue in this case were paid to Connect, not Costco. Therefore, Plaintiff has not stated a claim for unjust enrichment against Costco. Accordingly, the court **GRANTS** Costco's motion to dismiss the sixth cause of action.

### 7. Count Seven: Injunctive Relief Under the UCL

Lastly, Plaintiff asks for injunctive relief pursuant to the UCL. (Compl. ¶¶ 71–74.) However, as analyzed above, Plaintiff has not adequately stated a claim under the UCL against Costco. Accordingly, the court **GRANTS** Costco's motion to dismiss the seventh cause of action.

## IV. Disposition

For the reasons stated above, the court **DENIES** the Motion to Remand and **GRANTS** the Motion to Dismiss as to each cause of action. Plaintiff's Complaint against Costco is **DISMISSED WITH LEAVE TO AMEND**. Federal Rule of Civil Procedure 15 provides that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, the court exercises its discretion to allow Plaintiff an opportunity to address the issues presented in his Complaint. Any amended complaint, either amending or omitting the claims or parties dismissed in this Order, shall be filed on or before **November 16, 2026**. Failure to file an amended complaint on or before the deadline set by the court will result in the dismissal of this action as against Costco without prejudice without further notice for failure to prosecute and/or comply with a court order. *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act *sua sponte* to dismiss a suit for failure to prosecute") (cleaned up); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming *sua sponte* dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (stating "[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal").